IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

LIBERTY MUTUAL FIRE          *
INSURANCE COMPANY,
                             *
     Plaintiff,
                             *
vs.                                    CASE NO. 3:11-CV-66 (CDL)
                             *
GARY WAYNE COKER and
TERESINA COKER,              *

     Defendants.             *
_____

O R D E R

Plaintiff Liberty Mutual Fire Insurance Company ("Plaintiff") brings this action, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a determination of its rights and obligations under two insurance policies to pay uninsured motorist benefits to Defendants Gary Wayne Coker and Teresina Coker (collectively "Defendants"). Defendants seek dismissal of Plaintiff's Complaint based on lack of personal jurisdiction, the absence of a justiciable controversy, and the existence of a parallel pending state court action. Defs.' Mot. to Dismiss Pl.'s Compl. (ECF No. 5). For the following reasons, Defendants' motion is denied.

FACTUAL BACKGROUND

Defendant Gary Coker was involved in a motor vehicle accident in Georgia while driving a truck owned by his employer. Compl. ¶ 9, ECF No. 1; Br. in Opp'n to Defs.' Mot. to Dismiss [hereinafter Br. in Opp'n] Attach. 2, Summers Aff. ¶¶ 6-7, ECF No. 11-2. He suffered personal injuries which he claims were caused by the negligence of another driver who had liability insurance coverage with limits of $25,000. Plaintiff insured the vehicle driven by Mr. Coker through his employer. That vehicle was principally garaged and used in Georgia. Compl. ¶ 10; Summers Aff. ¶ 6. After the accident, Mr. Coker's attorney sent a letter to Mr. Coker's employer notifying it of the accident, informing it that Mr. Coker intended to pursue an uninsured motorist claim, and seeking information about any uninsured motorist coverage on the vehicle driven by Mr. Coker. Br. in Opp'n Attach. 1, Sleezer Aff. ¶ 3, ECF No. 11-1; Sleezer Aff. Ex. 1, Letter from Y. Smolar to K. Anders 1, Oct. 24, 2007, ECF No. 11-1 [hereinafter Oct. 24, 2007 Letter]. Plaintiff responded to that letter informing Mr. Coker's attorney that its named insured, Mr. Coker's employer, had rejected uninsured motorist coverage pursuant to Georgia law. Defs.' Mot. to Dismiss Pl.'s Compl. [hereinafter Defs.' Mot. to Dismiss] Attach. 2, Smolar Aff. ¶ 6, ECF No. 5-2; Smolar Aff. Ex. A,

Letter from J. Barczykowski to Y. Smolar 1, Nov. 10, 2007, ECF No. 5-2 [hereinafter Nov. 10, 2007 Letter].

Mr. Coker, along with his wife, sued the alleged negligent driver in the Superior Court of Walton County, Georgia ("The Coker Action"), Compl. Ex. A, Compl. in the Superior Ct. of Walton County, Sept. 14, 2009, ECF No. 1-1, and also served Plaintiff as an alleged uninsured motorist carrier under Georgia law, Smolar Aff. Ex. B, Notice of Filing, Sheriff's Entry of Service for Liberty Mutual Insurance Company, ECF No. 5-2. Plaintiff did not make an entry of appearance in that action. Smolar Aff. ¶ 9.   Mr. and Mrs. Coker ultimately obtained a consent judgment against the negligent motorist in the amount of $5,500,000 and provided the negligent motorist with a limited release upon the tender of that motorist's liability policy limits of $25,000.   Compl. ¶¶ 15-16; Compl. Ex. B, Consent J., ECF No. 1-2 [hereinafter Consent J.]; Compl. Ex. C, Limited Release Pursuant to O.C.G.A. § 33-24-41.1 ¶ 3, ECF No. 1-3 [hereinafter Limited Release].   The Cokers subsequently made a demand upon Plaintiff for $5,000,000, claiming that they had uninsured motorist coverage under two insurance policies issued by Plaintiff to Mr. Coker's employer.   Compl. ¶ 17; Compl. Ex. D, Letter from M. Kendall to Liberty Mutual 3, Mar. 14, 2011, ECF No. 1-4 [hereinafter Demand Letter].   Plaintiff subsequently filed this present action seeking a declaration that no coverage

exists because its named insured rejected uninsured coverage pursuant to Georgia law.   Plaintiff brought this action in Georgia because Defendants, who presently reside in Alabama, were residents of Georgia at the time that the events giving rise to this action occurred, and they have transacted business in Georgia for purposes of the Georgia Long-Arm Statute.

DISCUSSION

**I.   Defendants' Motion to Dismiss for Lack of Personal Jurisdiction**

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257-58 (11th Cir. 2010) (internal quotation marks omitted).

Plaintiff maintains that Defendants are subject to personal jurisdiction under the "transaction of business" prong of the Georgia Long-Arm Statute.   Preliminarily, it appears clear that Defendants are non-residents and thus fall within the application of the Georgia Long-Arm statute, O.C.G.A. § 9-10-91. They were residents of Georgia at the time of the events giving rise to this action, but they subsequently moved to Alabama

where they resided when they were served with this action. Thus, they qualify as nonresidents for purposes of long-arm jurisdiction. *See* O.C.G.A. § 9-10-90.

The long-arm statute provides in relevant part that "[a] court of this state may exercise personal jurisdiction over any nonresident . . ., as to a cause of action arising from [the nonresident's transaction of business within this state] in the same manner as if he or she were a resident of this state." O.C.G.A. § 9-10-91(1). "'[T]ransacts any business' requires that the 'nonresident defendant has purposefully done some act or consummated some transaction in [Georgia].'" *Diamond Crystal Brands, Inc.*, 593 F.3d at 1264 (second alteration in original) (quoting *Aero Toy Store, LLC v. Grieves*, 279 Ga. App. 515, 517, 631 S.E.2d 734, 737 (2006)). A defendant need not enter the state to transact business, and "[a]s a result, a nonresident's mail, telephone calls, and other 'intangible' acts, though occurring while the defendant is physically outside of Georgia, must be considered." *Id.*

The Court finds that Defendants transacted business in Georgia sufficient to confer personal jurisdiction under Georgia's long-arm statute. At the time of the accident, Mr. Coker was driving a car in Georgia owned by his employer which was garaged and principally used in Georgia. Compl. ¶ 9-10; Summers Aff. ¶¶ 6-7. Mr. Coker worked in Georgia and was within

the scope of his employment in Georgia.  Defs.' Mot. to Dismiss Attach. 3, G. Coker Aff. ¶ 5, ECF No. 5-3; Summers Aff. ¶ 4. The Cokers sued the negligent motorist in Georgia for tort damages and subsequently entered into a consent judgment in Georgia with that motorist who was a Georgia resident. Compl. ¶¶ 12, 14-15; Consent J.  Pursuant to the consent judgment, the Cokers executed a limited liability release with the negligent motorist that was signed in Georgia.  Compl. ¶ 16; Limited Release 5-6.  The terms of the limited liability release provided that Georgia law governed the release and it was to be construed pursuant to Georgia law.  *Id.* ¶ 6.  The Cokers sent their demand letter to Plaintiff through Georgia lawyers to Plaintiff's registered agent for service of process in Georgia, demanding payment in satisfaction of the consent judgment obtained in Georgia.  Compl. ¶ 17; Demand Letter 1, 3.  The demand letter makes a claim for uninsured motorist benefits under insurance policies issued to Mr. Coker's employer which employed Mr. Coker in Georgia.  The Court finds that this conduct amounts to the transaction of business in Georgia sufficient to satisfy the Georgia long-arm statute.

The Court also finds that the exercise of jurisdiction over the Defendants in Georgia does not violate Defendants' due process rights.  The Due Process Clause requires "that the defendant's conduct and connection with the forum State are such

that he should reasonably anticipate being haled into court there." *Burger King v. Rudzewicz*, 471 U.S. 462, 474 (1985) (internal quotation marks omitted). Personal jurisdiction can be exercised over defendants that have established "certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

As previously explained, Defendants lived in Georgia at the time of the accident, and Mr. Coker worked in Georgia. Defendants initiated a lawsuit in Georgia against a Georgia resident, making "full use of the procedures available to [them] under [Georgia] law." *Huff v. Pharr*, 748 F.2d 1553, 1555 (11th Cir. 1984). After executing a consent judgment in the Georgia action, Defendants made a demand for payment in satisfaction of the consent judgment by sending a demand letter to Plaintiff in Georgia. In the demand letter, Defendants asserted Georgia law as the basis for their claims for benefits under the insurance policies issued to Mr. Coker's employer that he worked for in Georgia. The action arises out of Defendants demand for payment of benefits for the accident that occurred in Georgia, under policies issued to a company Mr. Coker worked for in Georgia, in satisfaction of a consent judgment entered in Georgia. Therefore, the Court finds that Defendants have sufficient

minimum contacts with Georgia, and the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316 (internal quotation marks omitted).

## II.  Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendants argue that the Court lacks subject matter jurisdiction because Plaintiff denied coverage for the accident and therefore seeks only an advisory opinion validating that denial.  In proceedings under the Declaratory Judgment Act, "the threshold question is whether a justiciable controversy exists." *Atlanta Gas Light v. Aetna Cas. and Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995).  The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).  "Congress limited federal jurisdiction under the Declaratory Judgment Act to actual controversies, in statutory recognition of the fact that federal judicial power under Article III, Section 2 of the United States Constitution extends only to concrete 'cases or controversies.'" *Atlanta Gas Light Co.*, 68 F.3d at 414.  A party is required to show "that at

the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by a favorable court disposition." *Id.* (internal quotation marks omitted). To evaluate whether the plaintiff has met this burden, the Court "look[s] to the state of affairs as of the filing of the complaint; a justiciable controversy must have existed at that time." *Id.* (internal quotation marks omitted).

A. November 10, 2007 Letter

Defendants argue that Plaintiff denied the existence of uninsured motorist coverage in its November 10, 2007 Letter and no justiciable controversy exists because any decision of the Court would merely determine whether Plaintiff's denial of coverage for Defendants' claims was proper.[1] The Court rejects this argument. In the November 10, 2007 Letter, Plaintiff informed Defendants' counsel that its named insured had rejected

---

[1] Plaintiff argues that the November 10, 2007 was made in response to a written request for insurance coverage information under O.C.G.A. § 33-3-28(a), and "[t]he information provided to a claimant or his attorney as required by [O.C.G.A. § 33-3-28(a)] shall not create a waiver of any defenses to coverage available to the insurer and shall not be admissible in evidence unless otherwise admissible under Georgia law." O.C.G.A. § 33-3-28(c). The Court finds it unnecessary to decide whether the November 10, 2007 Letter can be admitted as evidence of a denial of Defendants' claims because the Court finds that the November 10, 2007 Letter does not constitute a denial of Defendants' claims for uninsured motorist benefits under the policies.

uninsured motorist coverage, and therefore, no such coverage existed under any of Plaintiff's policies with Mr. Coker's employer.  At that time, Plaintiff did not deny Defendants' claim for benefits because no such claim had been presented. Defendants had merely notified Mr. Coker's employer of potential claims and requested information regarding insurance policies that might cover their potential claims.  *See* Oct. 24, 2007 Letter (placing Mr. Coker's employer "on formal notice of any claims that [Defendants] may have under [his employer's] automobile policy of insurance as a result of the incident for any uninsured or underinsured motorist claims," and requesting information regarding insurance coverage available to cover potential claims).  The November 10, 2007 Letter responded to Defendants' request for uninsured motorist benefits policy information for potential claims and stated that Mr. Coker's employer rejected uninsured motorist benefits.

Defendants did not make a demand for payment of the claims until they sent their demand letter directly to Plaintiff. Until Defendants sent the demand letter, Plaintiff was unaware of Defendants' current arguments that the rejection of uninsured motorist benefits coverage was ineffective or that another policy provided uninsured motorist benefits.  Sleezer Aff. ¶ 10. Upon receiving the demand letter, Plaintiff filed this action

seeking a declaration from the Court as to whether the policies provided coverage for Defendants' claims.

The Court finds that the November 10, 2007 Letter does not eliminate the presence of a justiciable controversy.

B.   The Coker Action

Defendants also contend that Plaintiff failed to answer or otherwise respond in the Cokers' Action against the alleged underinsured motorist, and that this failure to participate in that action amounts to a denial of Defendants' claims for uninsured motorist benefits.   Although Defendants served Plaintiff with the complaint in the Coker Action, the option of becoming a party to the tort action is left up to the uninsured motorist carrier under Georgia law.   *See* O.C.G.A. § 33-7-11(d) (providing that the uninsured motorist carrier must be served in the tort action but "shall have the right to file pleadings and take other action allowable by law in the name of either the known owner or operator or both or itself."); *see also Allstate Ins. Co. v. Baldwin*, 244 Ga. App. 664, 666, 536 S.E.2d 558, 560 (2000) (noting the "uninsured motorist insurance carrier could not be forced to become a party to [the] tort action; [the insurer] could opt to participate in the proceedings in its own name, in [the uninsured motorist's name], or in both or could do nothing.").   Here, Plaintiff did not file an answer or otherwise respond in its own name, and thus did not become a party to the

Coker Action.   Plaintiff's decision not to respond in the Coker Action prevented insurance coverage from becoming an issue.   *See Knight v. Ga. Farm Bureau Mut. Ins. Co.*, 184 Ga. App. 312, 315, 361 S.E.2d 190, 193 (1987) (noting that when an insurer "is not a party to the damage [action]. . . the question of its coverage is not in issue there.") (alteration in original) (internal quotation marks omitted).   The Court finds that Plaintiff's decision not to become a party or raise coverage issues in the Coker Action was an option legally available to Plaintiff under Georgia law and does not somehow operate as a denial of coverage for the claims.

Defendants claim that Plaintiff "inexplicably delayed" in filing the declaratory judgment action because Plaintiff waited until the consent judgment was rendered in the Coker Action and waited until Plaintiff faced bad faith penalties.   Under Georgia law, a judgment against the uninsured motorist in the underlying action is a condition precedent to suit against the uninsured motorist carrier.   *Kent v. State Farm Mut. Ins. Co.*, 233 Ga. App. 564, 565, 504 S.E.2d 710, 712-13 (1998).   Notwithstanding Defendants contention that Plaintiff "inexplicably delayed," the Court concludes that the existence of the judgment in the Coker Action and Defendants' demand for payment demonstrates a justiciable controversy exists ripe for adjudication.   Finally, although the sixty day deadline for bad faith damages has passed

since the filing of this action, that does not moot the question of whether coverage exists under the policies.  Accordingly, the Court finds it has subject matter jurisdiction to hear the dispute.

## III. Defendants' Motion to Dismiss in Favor of Pending State Court Action

Defendants seek to have this action dismissed even if the Court finds personal and subject matter jurisdiction, arguing that the Court should decline jurisdiction in light of a parallel state proceeding.  The Coker Action remains pending for post-judgment discovery and collection proceedings.  Since Plaintiff seeks to challenge the validity of the consent judgment in that action as it affects Plaintiff's liability for uninsured motorist benefits, Defendants contend that this Court should exercise discretion and defer to those state court proceedings.

"The Declaratory Judgment Act is 'an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant.'"  *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)).  The Declaratory Judgment Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so."  *Id.* In *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), the

Supreme Court reasoned that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. The Court there remanded the case to the district court to determine "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can be better settled in the proceeding pending in the state court." *Id.* According to the Supreme Court, "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Id.*

The Court finds that abstention in the present case is not warranted. First, Plaintiff is not a party in the Coker Action. *See Baldwin*, 244 Ga. App. at 666, 536 S.E.2d at 560 (noting the "uninsured motorist insurance carrier could not be forced to become a party to [the] tort action; [the insurer] could opt to participate in the proceedings in its own name, in [the uninsured motorist's name], or in both or could do nothing."). Moreover, the state court proceeding does not involve the same issues that are presented in this declaratory judgment action. Under Georgia law, insurance coverage issues are not addressed in the tort action until the insurer opts to participate in its own name. *See Knight*, 184 Ga. App. at 315, 361 S.E.2d at 193

14

(noting the insurer was "not a party to the damage [action] and the question of its coverage is not in issue there.") (alteration in original) (internal quotation marks omitted). Accordingly, a parallel state proceeding involving the same issues and the same parties does not exist.

Further, upon review of guideposts set forth by the Eleventh Circuit in *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005) to help determine whether abstention in favor of a state proceeding is appropriate, the Court finds that dismissal of the action is not warranted.[2] Based on the Court's analysis of the *Ameritas* guideposts, the Court finds that entertaining the action will not result in the "gratuitous" or inappropriate interference with a state court proceeding.

---

[2] The factors outlined in *Ameritas* are: (1) the strength of the state's interest in having the issues raised decided in the state courts; (2) whether judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of procedural fencing; (5) whether the use of a declaratory action would increase the friction between the state and federal courts; (6) whether there is an alternative remedy that is more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action. *Ameritas*, 411 F.3d at 1331.

CONCLUSION

For the reasons explained above, Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 5) is denied.

IT IS SO ORDERED, this 15th day of November, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE